UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 7 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. NO. B-01- |
| | § | |
| FIVE THOUSAND DOLLARS ($5,000.00) | § | B 01-110 |
| IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant. | § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES the United States of America, Plaintiff, by and through its attorneys GREGORY A. SERRES, United States Attorney, and RONALD G. MORGAN, Assistant United States Attorney, and in support of this Complaint for forfeiture in rem states as follows:

1. This is a civil action in rem brought to enforce the provisions of 21 U. S. C. § 881(a)(6) for the forfeiture of the Defendant Currency which was used or intended to be used in exchange for controlled substances or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. On or about December 7, 2000, the $5,000 in United States Currency (hereinafter "Defendant Currency") was seized in Cameron County, Texas, within the jurisdiction of this Court, by law enforcement agents.

4. On or about December 7, 2000, at approximately 12:40 p.m., a Harlingen Police

Department Special Investigations Unit were conducting drug interdiction inspections at the Valley International Airport in Harlingen, Texas. The agents had been informed by the Little Rock, Arkansas, Police Department, to be on the look out for three individuals traveling from Little Rock to Harlingen. The three individuals were known by the Little Rock police to be involved in the distribution of controlled substances.

6. Upon information and belief, the Government avers that Claimant, Percy Jerome Smith, had been arrested in March 1999 for possession of 31 pounds of marihuana, two kilograms of cocaine and one pound of methamphetamine and that those charges are still pending.

7. According to the Little Rock police, the three individuals had purchased airline tickets that morning with cash and with a return trip scheduled for early the next morning. Upon information and belief, the Government avers that this is procedure is typically used by individuals transporting contraband.

8. When Percy Jerome Smith (hereinafter "Claimant") and his two traveling companions exited the aircraft, it appeared to the agents that the travelers made a concerted effort to appear to not be traveling together. The agent's approached the Claimant and engaged in a consensual conversation with him. During that conversation, Claimant was asked whether he was carrying any large amounts of cash. Claimant produced approximately $1,000. After this amount was produced, the officers asked Claimant if he had any additional currency and if they could search him. A search produced three additional bundles of cash, wrapped with rubber bands. The total currency possessed by Claimant was $5,000 (25 - one hundred dollar bills; 4 - fifty dollar bills; and, 115 - twenty dollar bills). A drug dog alerted to the presence of controlled substances on the

currency.

9. When asked about the reason for his visit to Harlingen, Claimant stated that he owned several businesses, one of which was a trucking company and he was to meet with the local Coca Cola company to discuss transporting soft drinks for the company. Claimant, however, was unable to identify with whom he was to meet or when that meeting was to occur. Claimant also stated that he was in Harlingen to buy chairs and tables, but was unable to identify where or from whom or to provide any point of contact regarding the place of purchase.

10. Claimant was asked how long he planned to stay in the Harlingen area and replied "a couple of days."

11. As set forth above, Claimant's airline ticket indicated that his return trip was scheduled for departure at approximately 6:10 a.m. the next morning.

12. Clamant was asked whether he was related to Willie Frank McHenry, who was also discovered carrying a large amount of cash, approximately $9,000 also divided and wrapped with rubber bands. Claimant stated that he and McHenry were cousins, but McHenry claimed that they were only friends.

13. The agents subsequently checked with the local Coca Cola bottler and were told that all transportation of Coca Cola products was done by employees of Coca Cola in Coca Cola owned vehicles and that no appointment with Claimant had been scheduled.

14. On April 6, 2001, Percy Jerome Smith filed an administrative claim for the Defendant currency. In that claim, Percy Jerome Smith simply states that the Defendant Currency is his property.

ClibPDF - www.fastio.com

15. The evidence establishes that there was probable cause to seize the Defendant Currency and by a preponderance that the Defendant Currency is forfeitable to the United States as set forth in Title 21, United States Code, Section 881(a)(6).

16. The Defendant Currency was used, or intended to be used, in exchange for a controlled substance, or represents proceeds of trafficking in a controlled substance or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays:

1. Monition issue according to the normal procedure of this Court citing all persons having an interest in the above described Defendant Currency to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the Court;

2. That Warrant of Seizure issue to the United States Marshal commanding him to seize the Defendant Currency;

3. That judgment of forfeiture to the United States be decreed against the Defendant Currency; and

4. For costs and such other and further relief to which plaintiff may be entitled.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____
RONALD G. MORGAN
Assistant U. S. Attorney
Federal Bar No. 23902
TX Bar No. 00795014
600 East Harrison, # 201
Brownsville, Texas 78520
Tel No. (956) 548-2554
Fax No. (956) 548-2711

5

## VERIFICATION

I, <u>Esteban Mendoza</u>, upon oath declare and say that:

1. I am a Task Force Officer with the Drug Enforcement Administration and I am one of the agents responsible for the investigation concerning this litigation.

2. I have read the above Complaint for Forfeiture.

3. I have furnished the information leading to the allegations contained in the Complaint for Forfeiture.

4. Based on my investigation, the information and allegations contained in the Complaint for Forfeiture are true and correct and establish by a preponderance of the evidence proof to seize and forfeit the Defendant Currency as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __31__ Day of __May__, 2001.

_____
ESTEBAN MENDOZA
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this the __31st__ day of __May__, 2001.

_____
Notary Public for the States of Texas

[Seal: Melva I. Tamez, Notary Public, State of Texas, My Commission Expires December 6, 2004]

My commission expires on __12/6/2004__.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** was sent, via first-class mail, return receipt requested, to counsel for the claimant, in accordance with prior agreement with counsel for the Claimant, to the address listed below on this **27th** day of **June**, 2001.

Eddie Heriberto Medrano
1101 W. Tyler Street
Harlingen, Texas 78550

*/s/ Ronald G. Morgan*
RONALD G. MORGAN
Assistant U.S. Attorney